# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:05-CV-00429

| | |
|---|---|
| BOYCE W. POPE, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM AND RECOMMENDATION** |
| | ) |
| STOWE PHARR MILLS, INC. and | ) |
| KAREN MAYHUE, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on "Defendant Karen Mayhue's Motions to Dismiss" (Document No. 8) and "Defendant Karen Mayhue's Brief in Support of Motions to Dismiss" (Document No. 9), both filed January 9, 2006. Although the time for filing a response has expired, the pro se Plaintiff has filed no response of any kind. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for review.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that Defendant's motion be granted.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On October 11, 2005, the pro se Plaintiff filed his Complaint alleging that the Defendants – Stowe Pharr Mills, Inc. and Karen Mayhue – discriminated against him on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. On January 9, 2006, Defendant, an employee of Pharr Yarns, moved to dismiss pursuant to Rules

12(b)(1), (2), (4), (5) and (6) of the Federal Rules of Civil Procedure on the grounds that she is not an "employer" within the meaning of Title VII; that she was not identified as an "employer" in Plaintiff's EEOC Charge of Discrimination and thus is not a Respondent within the meaning of Title VII; and that Plaintiff incorrectly identified Defendant Mayhue as "Mayhew" in the Summons and Complaint and sent the Summons and Complaint to the post office box of Stowe Pharr Mills, Inc., an entity which was merged out of existence effective March 26, 2005, rather than Mayhue's home address.

Defendant Mayhue acknowledges in her "... Brief in Support of Motions to Dismiss" that "at all times relevant herein [she was] an employee of Pharr Yarns and served as the Plaintiff's immediate supervisor" but denies that she was Plaintiff's employer.

## II. DISCUSSION OF CLAIMS

Title VII of the Civil Rights Act of 1964, §42 U.S.C. 2000e et seq. makes it an unlawful employment practice for an employer:

> to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

The Fourth Circuit unequivocally holds that employees, even supervisors, are not liable in their individual capacities under Title VII. Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) ("An analysis of Title VII's language and its remedial scheme leads us to join the other circuit courts and conclude that supervisors are not liable in their individual capacities for Title VII violations."). Accord Wathen v. General Elec. Co., 115 F.3d 400, 406 (6th Cir. 1997); Dici v. Pennsylvania, 91 F.3d 542, 552 (3d Cir. 1996); Haynes v. Williams, 88 F.3d 898, 901 (10th Cir.

2

1996); Williams v. Banning, 72 F.3d 552, 554 (7th Cir. 1995); Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995); Gary v. Long, 59 F.3d 1391, 1399 (D.C. Cir. 1995); Smith v. Lomax, 45 F.3d 402, 403 n. 4 (11th Cir. 1995); Grant v. Lone Star Co., 21 F.3d 649, 653 (5th Cir. 1994); Smith v. St. Bernards Regional Medical Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994); and Miller v. Maxwell's Int'l. Inc., 991 F.2d 583, 588 (9th Cir. 1993).

The Fourth Circuit stated that:

Like the ADEA, Title VII exempts small employers; it would be incongruous to hold that Title VII does not apply to the owner of a five-person company but applies with full force to a person who supervises an identical number of employees in a larger company.

Lissau, 159 F.3d at 180. See e.g., Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994) (rejecting individual liability under the ADEA).

The undersigned finds the above reasoning sufficient to dismiss Defendant Mayhue from this case and declines to address the Defendant's additional arguments in her "... Motions to Dismiss" and "...Brief in Support of Motions to Dismiss." Accordingly, Mayhue is not a proper defendant in the present Title VII action, and her motion to dismiss should be granted.

## IV. **RECOMMENDATION**

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant Karen Mayhue's "... Motions to Dismiss" (Document No. 8) be **GRANTED** and that the Complaint against her be **DISMISSED WITH PREJUDICE**.

## V. **NOTICE OF APPEAL RIGHTS**

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections

to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum and Recommendation must be filed with the district court within ten (10) days of receipt. Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections with the district court constitutes a waiver of the right to de novo review by the district court, Snyder, 889 F.2d at 1365, and may preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); and United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the pro se Plaintiff; to defense counsel; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED,** this 12th day of September, 2006.

Signed: September 13, 2006

David C. Keesler
United States Magistrate Judge